Nathaniel E. SHELTON, Appellant,

v.

UNITED STATES of America,
Appellee.

Robert B. PANNELL, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18793, 18794.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 22, 1964.

Decided Feb. 11, 1965.

Petition for Rehearing en Banc
Denied March 26, 1965.

Messrs. Samuel K. Abrams and Bernard M. Beerman (both appointed by this court), Washington, D. C., for appellants.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

Appellants were convicted, on strong evidence, of housebreaking, defined in 22 D.C.Code § 1801, and were sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(c) (1958). The only contention for reversal which we need discuss is that at their preliminary hearing before the United States Commissioner appellants were without counsel or adequate advice with respect to counsel. It is the Commissioner's duty and in some circumstances it may be essential to the validity of a subsequent conviction, to afford indigent accused who are without counsel the assistance of counsel at the preliminary hearing, if desired, and to advise of the availability of counsel.[1] The absence of such assistance and advice, however, does not necessarily invalidate a subsequent conviction

---

1. Blue v. United States, 119 U.S.App.D.C. ——, 342 F.2d 894 (1964). The Commissioner did advise the appellants of their rights as specified in Rule 5(b) Fed.R. Crim.P. including their right to retain counsel.

at trial after indictment.[2] In these cases no evidence in the nature of a confession or of any other character was adduced at the preliminary hearing and used at the trial. And we can find no basis in the record for an informed speculation that the trial itself was in any way prejudicially affected by the absence of counsel at the preliminary hearing.

Affirmed.

2. In Blue v. United States, *supra*, 342 F. 2d 894–899 we held that an accused has other remedies to enforce his right to counsel at his preliminary hearing. See also Washington v. Clemmer, 119 U.S. App.D.C. ——, 339 F.2d 725 (June 12, 1964).