Calvin C. ANDERSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19114.

United States Court of Appeals District of Columbia Circuit.

Argued June 17, 1965.

Decided Oct. 28, 1965.

Mr. Howard Adler, Jr., Washington, D. C. (appointed by this court), with whom Mr. Samuel H. Seymour, Washington, D. C., was on the brief, for appellant.

Mr. John R. Kramer, Asst. U. S. Atty., at the time of oral argument, with whom Messrs. David C. Acheson, U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker, William H. Collins, Jr. and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WRIGHT and TAMM, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

This appeal presents two questions: (1) Does the acceptance of a plea of not guilty without counsel at arraignment under the circumstances of this case [1] require reversal of a conviction after a full trial on the merits? and (2) is the pre-trial denial of a motion to suppress binding on the trial judge? We answer both questions in the negative.

## I

It is now clear, the *dictum* [2] in Council v. Clemmer, 85 U.S.App.D.C. 74, 75, 177 F.2d 22, 23, cert. denied, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540 (1949), to the contrary notwithstanding, that the assistance of counsel is required " 'at every step in the proceedings,' " Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938), and that "[u]nder federal law an arraignment is a *sine qua non* to the trial itself—the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issue to be tried." Hamilton v. State of Alabama, *supra* Note 1, 368 U.S. at 54 n. 4, 82 S.Ct. at

---

1. There is no suggestion here that the entry of the not guilty plea precluded appellant from filing, and having heard on their merits, pre-trial motions of any kind. See Rule 12(b) (3), FED.R.CRIM.P. Compare Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

2. The *dictum* in *Council* was "unnecessary to *Council's* holding that a conviction is not subject to collateral attack merely because counsel was absent during pre-trial proceedings, unless that absence prejudiced the accused at trial." Ricks v. United States, 118 U.S.App.D.C. 216, 219 n. 2, 334 F.2d 964, 967 n. 2 (1964). In

Evans v. Rives, 75 U.S.App.D.C. 242, 250, 126 F.2d 633, 641 (1942), this court held:

* * * The constitutional guarantee makes no distinction between the arraignment and other stages of criminal proceedings in respect of the application of the guarantee. As said in the statement quoted from Johnson v. Zerbst, " 'If charged with crime, he [the accused] is incapable, generally, of determining for himself whether the indictment is good or bad. . . . He requires the guiding hand of counsel *at every step* in the proceedings against him.' " (Emphasis added by *Evans* court.)

158. There is, therefore, a right to counsel at arraignment. Compare Shelton v. United States, 120 U.S.App.D.C. 65, 343 F.2d 347, cert. denied, 382 U.S. 856, 86 S.Ct. 108, 15 L.Ed.2d 93 (October 11, 1965). The only question here really is: Does lack of counsel at arraignment always lead to prejudice requiring reversal?

 In Hamilton v. State of Alabama, *supra* Note 1, a capital case where the accused was not represented at arraignment, the Supreme Court, in reversing the conviction, stated that it did "not stop to determine whether prejudice resulted [from lack of counsel]." 368 U.S. at 55, 82 S.Ct. at 159. Later, in White v. State of Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963), another capital case, the Court confirmed that "the rationale of Hamilton v. Alabama, *supra,* does not rest * * * on a showing of *prejudice.*" In both *Hamilton* and *White,* prejudice did result from the lack of counsel, and it is possible that this fact contributed to the result reached. In this non-capital case, where the record affirmatively shows that no prejudice resulted from the plea of not guilty without counsel at arraignment, we cannot say that a reversal is required.[3] See McGill v. United States, 121 U.S.App.D.C. ——, 348 F.2d 791 (1965). Compare Jackson v. United States, 122 U.S.App.D.C. ——, ——, 351 F.2d 821, 823 (1965). Since "we can find no basis in the record for an informed speculation" that appellant's rights were prejudicially affected, the

conviction must stand. Shelton v. United States, *supra,* 120 U.S.App.D.C. at 66, 343 F.2d at 348.

II

██ A trial court, of course, is not bound by preliminary denial of a motion to suppress.[4] Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). "If the motion is denied, the objection to the admissibiity as evidence is usually renewed when the paper is offered at the trial. And, although the preliminary motion was denied, the objection made at the trial to the admission of the evidence may be sustained." Cogen v. United States, *supra,* 278 U.S. at 224, 49 S.Ct. at 119. See also Waldron v. United States, 95 U.S. App.D.C. 66, 70, 219 F.2d 37, 41 (1955). This is true because "the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light." DiBella v. United States, *supra,* 369 U.S. at 129, 82 S.Ct. at 659.

The trial court here, after stating it was bound by the pre-trial ruling, nevertheless proceeded to hear the evidence. Compare Jennings v. United States, 101 U.S.App.D.C. 198, 199, 247 F.2d 784, 785 (1957). The evidence taken on the motion to suppress and at trial clearly demonstrates that the motion to suppress was without merit. There the matter ends.

Affirmed.

---

3. The problem presented by accepting not guilty pleas from uncounselled defendants should not recur. Appellant here was arraigned before the effective date of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. 18 U.S.C. § 3006A(c) provides:
 "A defendant for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States commissioner or court through appeal. * * * *"

4. Rule 41, FED.R.CRIM.P., in no way changes this principle. Rule 41 is a rule

of practice designed to eliminate delay during trial. But a rule of practice cannot prevail over a constitutional right. "[W]here, in the progress of a trial, it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, *even where a motion to return the papers may have been denied before trial.*" Gouled v. United States, 255 U.S. 298, 312–313, 41 S.Ct. 261, 266, 65 L.Ed. 647 (1921). (Emphasis added.)