STATE of Missouri, Respondent,

v.

William B. DONNELL, Appellant.

No. 48601.

Supreme Court of Missouri.

Division No. 3.

May 28, 1968.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Aug. 26, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Norman A. Selner, Sp. Asst. Atty. Gen., Clayton, for respondent.

Charles M. Deeba, John J. Keilbach, St. Louis, for appellant.

JAMES H. KEET, Jr., Special Judge.

On November 13, 1961, Division I of this court, 351 S.W.2d 775, affirmed Appellant's judgment of conviction of robbery in the first degree by means of a dangerous and deadly weapon and a 99-year sentence therefor under the Second Offender Act (§ 556.280, RSMo 1959, V.A.M.S.). Appellant, an indigent, was not represented by counsel on that appeal. On February 8, 1965, Division II affirmed the trial court's denial of his motion to vacate the judgment of conviction and the sentence, 387 S.W.2d 508. On October 3, 1967, the Court en Banc sustained the Attorney General's application to set aside the affirmance and reinstate the appeal on the docket, and set the case for hearing at a special session of this court in Division III, and ordered the circuit court to appoint counsel to represent Appellant on the appeal in accordance with Supreme Court Rule 29.01(c)[1] and prepare and file in this court a brief for him. This was done following Swenson v. Donnell, 8 Cir., 382 F.2d 248, affirming Donnell v. Swenson, 258 F.Supp. 317 (W.D. Mo. 1966), which sustained defendant's habeas corpus proceeding on the ground that defendant was not furnished counsel for the appeal (applying Douglas v. People of State

---

1. Reference to Rules are to V.A.M.R.

of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, retrospectively).

Appointed counsel herein has ably and competently briefed and presented oral argument. Respondent has submitted an additional brief and also its original brief. We have carefully reconsidered all of the points and arguments urged by Appellant through counsel and in his briefs pro se in the above two appeals to this court. We review Appellant's trial proceedings equivalently as if this had originally been done. We now deal with the points raised by Appellant.

## ARRAIGNMENT

■ Appellant contends that the trial court "plainly" erred in proceeding with his trial when he was not represented by counsel at his arraignment, in violation of his right to assistance of counsel required by Amendment VI to the Federal Constitution, and Art. I, § 18(a) of the 1945 Missouri Constitution, V.A.M.S. He urges the court to reverse the conviction on the basis of plain error under Rule 27.20(c). We will not consider the matter under Rule 27.20(c) but as a federal constitutional matter, even though the point was not raised in Appellant's motion for a new trial or on the first direct appeal (Cf. State v. Reynolds, Mo., 422 S.W.2d 278, 282 [2]).

On the original appeal this court found that Appellant, represented by counsel, entered a plea of not guilty, 351 S.W.2d l. c. 777. In affirming the denial of his motion to vacate, the court, with certified copies of the minutes of the proceedings prior to the final trial and a certificate supplementing the records on both appeals obtained by this court on its own motion, found that Appellant was not arraigned without counsel, 387 S.W.2d l. c. 510, 512.

In Donnell v. Swenson, supra, the district judge stated (258 F.Supp. l. c. 333) that in the appeal on the motion to vacate Appellant had presented to this court the federal constitutional question of "whether a proper application of the principles of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, had been abridged by reason of the fact that he had been arraigned without counsel." The district judge found on the basis of evidence adduced that Appellant was not represented by counsel at the time of his arraignment and plea of not guilty, and stated (l. c. 335):

> "Our ruling in regard to *Douglas* and its retrospective applicability to this case, and our order affords the Supreme Court of Missouri, if requested by the Attorney General of Missouri, the opportunity of deciding the Hamilton v. State of Alabama and White v. State of Maryland questions under the facts as we have found them. The federal question of whether those cases or either of them should be applied retrospectively is also open for decision."

In its brief Respondent points out that the federal court expressly left open the question of the applicability of *Hamilton* and *White* to the lack of counsel on arraignment. At oral argument Assistant Attorney General Howard L. McFadden urged this court to pass on the merits of Appellant's contention, pointing out that it was a main point in the federal case, that the court reporter is dead and his notes cannot be found, that the attorneys supposedly appointed have said they never represented Appellant, and the State is "satisfied" that he had no attorney at arraignment.

The federal court indicates that we could order a further hearing at which additional evidence may be adduced that would require a different finding (258 F.Supp. l. c. 321). We do not see fit to order such further hearing in view of the admission by the State that Appellant did not have counsel at arraignment.

We do not decide whether in this proceeding we must either accept the federal court's

factual finding or order a further evidential hearing on the fact question. Instead, we will assume for purpose. of this appeal only (subject to the fact being found otherwise in another proceeding, if such should ever occur and thus make the legal question moot) that Appellant was not represented by counsel at arraignment. We will meet and determine the arraignment question under such assumption (Cf. State v. Montgomery, Mo., 424 S.W.2d 744, 746), and City of St. Louis v. Vetter, Mo.App., 293 S.W.2d 140).

We do not confront or decide the question of whether *Hamilton* and *White* should or must be applied retroactively, a question Judge Oliver says is open for decision (258 F.Supp. 1. c. 335), but assume for purpose of this appeal only, that those cases do apply retroactively.

■ We now examine Appellant's legal contention. The purpose of arraignment in Missouri is to ascertain whether defendant is personally before the court so that he may know what is being done in his case and to give him the opportunity to plead (State v. Borchert, 312 Mo. 447, 279 S.W. 72, 75). It must be conducted in open court "and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto," and "a defendant may plead not guilty or guilty" (Rule 25.04, and § 546.020 RSMo 1959, V.A.M.S.). Rule 29.01(a) requires the court to appoint counsel for a person charged with the commission of a felony and unable to employ counsel who appears upon arraignment without counsel and requests the court to appoint counsel. This rule provides: "Counsel so appointed shall be allowed a reasonable time in which to prepare the defense."

■ We have held that the absence of counsel during arraignment is not, per se, a violation of the Sixth Amendment. See State v. Benison, Mo., 415 S.W.2d 773, 775, where we stated:

"At this stage of the proceedings he was not required under the laws of this state to assert any right, plea or defense to preserve any statutory or constitutional right; no possible rights, pleas or defenses were lost to him at these proceedings; they were preserved inviolate, and no prejudice to defendant resulted."

In Benison the court, upon defendant's standing mute, entered a plea of not guilty for him, and immediately appointed counsel and no further proceedings were had until defendant next appeared in court with counsel. The fact that the *court* entered the plea of not guilty does not distinguish *Benison* from the instant case. Appellant was in the same position as *Benison* in the respects just quoted. See also State v. Worley, Mo., 383 S.W.2d 529, 533, where the court points out that following the preliminary hearing defendant pleaded not guilty at his arraignment, counsel was appointed, and he preserved his full rights to a trial completely unhampered by any waivers or admissions. There the court specifically mentioned *Hamilton* and *White*. While the case dealt with alleged error in lack of counsel at the preliminary hearing, the court had those cases before it in consideration of such contention. We have previously distinguished *Hamilton* and *White* in proceedings involving claims of error because of lack of counsel at preliminary hearing, which we have held repeatedly is not in itself a constitutional error and does not make the preliminary hearing a "critical stage" (State v. Patrick, Mo., 420 S.W.2d 258, 261).

■ We hereby expressly declare that it is the law of Missouri now and was at the time from Appellant's arraignment through his trial that a defendant has an absolute right to consideration on the merits of objections to the indictment and similar pretrial types of attacks on the proceedings. Cf. McGill v. United States, 121 U.S.App. D.C. 179, 348 F.2d 791, 793–794.

Nothing in Rule 25.04, dealing with arraignment, indicates that a defendant plead-

ing not guilty without counsel waives anything. Rule 25.05 provides that pleadings in criminal proceedings shall be the indictment and the information and the pleas of not guilty or guilty; abolishes all other "pleas and demurrers and motions to quash"; and provides that the defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief as provided in the Rules.

■ Rule 25.06(a) provides that any defense or objection "which is capable of determination without the trial of the general issue may be raised before trial by motion" and that defenses and objections based on defects in the institution of the prosecution or in the indictment or in the information may be raised only by a motion "before trial." Failure to present such defenses or objections constitutes a waiver thereof but "the court for good cause shown may grant relief from such waiver" (Rule 25.06(b)). Under this Rule Appellant had the right at any time "before trial" to raise any defenses or objections he wanted to and even thereafter the court for good cause shown could have granted relief from any waiver otherwise existing because of his failure to move "before trial." Rule 25.06(c) provides that any defense or objection to be raised by motion shall be made before the plea is entered or "thereafter, and within such time before trial, as the court may fix." Rule 25.06 clearly requires the trial court to entertain any such motion at some time before trial. This is implicit in Rule 29.01(a) which provides: "Counsel so appointed shall be allowed a reasonable time in which to prepare the defense." The defendant thus does not lose or waive any such defenses or objections. If the trial court refuses to permit him to file motions urging same, such action is "revisable" on appeal in Missouri.

■ Appellant urges that it is possible that the trial court may not permit such

motions. This does not present any clause for reversal. The right to assert any defense or objection is preserved and is not irretrievably lost as was in the case in *Hamilton*. See, in addition to *Benison*: Anderson v. United States, 122 U.S.App. D.C. 277, 352 F.2d 945; McGill v. United States, supra; United States ex rel. Caccio v. Fay, 2d Cir., 350 F.2d 214, 215; and Foutty v. Maxwell, 174 Ohio St. 35, 186 N.E.2d 623, 626 (1962).

■ Appellant points to alleged "injuries which may accrue to a defendant should he be required to plead without the assistance of counsel." First, his right to withdraw his plea of not guilty and to interpose any other objection which should have been raised before entering his plea. What we have said above about the Rules answers this. Next, he says that without counsel he is unable to make a proper record in the "pre-trial stage." Since a defendant does not lose any rights by pleading not guilty at arraignment, a record of exactly what was said at arraignment in such case does not affect any constitutional right. Then, as to his right to file a motion for a bill of particulars. The indictment alleges the essential facts constituting the offense (351 S.W.2d 1. c. 781). It must be assumed that Appellant was sufficiently informed of the details to prepare his defense (Cf. State v. Edmonds, Mo., 347 S.W.2d 158, 161). Under Rule 24.03 the defendant must file such motion within ten days after arraignment and before the trial commences "or at such other time before or after arraignment as may be prescribed by rule or order of the court," but "a bill of particulars may be amended at any time subject to such conditions as justice requires." While a defendant may waive his right to obtain more details (State v. Frankum, Mo., 425 S.W.2d 183, 189; State v. Kesterson, Mo., 403 S.W.2d 606, 611), Appellant could have availed himself of Rule 24.03 and presumably would have done so had it been necessary to the preparation of his defense (State v. Bright, Mo., 269 S.W.2d 615, 620). Under

Rule 25.06, he would not "irretrievably" lose the right (as in *Hamilton*) because the rule provides that the court "for good cause shown may grant relief from such waiver." See: Madison v. Tahash, 8th Cir., 359 F.2d 60, affirming 249 F.Supp. 600 (D.C.Minn.1966). State v. McNeal, 304 Mo. 119, 262 S.W. 1025, cited by Appellant, merely states that under the *then* procedure, a defendant "generally" had no absolute right to withdraw a plea of not guilty for the purpose of filing a plea in abatement or interposing other objections. It could not be viewed as supporting Appellant's position in view of the Rules in effect at the time of his trial court proceedings.

■ Appellant asserts that a plea of insanity could, as a matter of right, be made only prior to entering a plea or at a later time in the trial court's discretion. Under the statute then in effect, he could have asserted the defense of insanity under his plea of not guilty and would not have had to enter a special plea (State v. Speyer, 207 Mo. 540, 106 S.W. 505, 510; State v. Murphy, 338 Mo. 291, 90 S.W.2d 103, 108. Cf. § 552.030(2)).

*Hamilton* was based on Alabama law that the defense of insanity must be pleaded at arraignment and if not then made may not be asserted thereafter except in the discretion of the trial judge and his refusal to accept such plea is "not revisable" on appeal. The court noted that a defendant must at arraignment assert pleas in abatement and motions to quash based on systematic exclusion of one race from grand juries or on the ground that the grand jury was otherwise improperly drawn. The court concluded that these things were enough to show that in Alabama arraignment is "a critical stage" and "what happens there may affect the whole trial." The court was careful to note (368 U.S. l. c. 54, Footnote 4, 82 S.Ct. l. c. 159) that arraignment has differing consequences in the various jurisdictions (see United States ex rel. Cooper v. Reincke, 2d Cir., 333 F.2d 608, 611).

In *Hamilton* the court said (368 U.S. l. c. 55, 82 S.Ct. l. c. 159): "The degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." But in Missouri, counsel appointed after arraignment can so enable the defendant. He may assert such defenses as are available to him after he gets counsel. Defense counsel having any ground to believe there was tenable basis to abate or quash the indictment would not let the prior plea of not guilty affect his advice in respect to going to trial without first ascertaining whether he might have leave to withdraw such plea. (See: Macey v. Commonwealth, 352 Mass. 519, 226 N.E.2d 225, 227; United States ex rel. Caccio v. Fay, supra, 350 F.2d l. c. 216; United States ex rel. Spinney v. Fay, 221 F.Supp. 419, 421 (D.C.N.Y. 1963), affirmed in United States ex rel. Spinney v. Fay, 2d Cir., 325 F.2d 436; State of Utah v. Sullivan, 10th Cir., 227 F.2d 511.) Appellant did not raise the point of arraignment without counsel in his motion for new trial or until in his motion to vacate (387 S.W.2d 510).

In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149, 1156, 1157, the court, referring to Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, stated:

"As early as Powell v. Alabama, supra, we recognized that the period from arraignment to trial was 'perhaps the most critical period of the proceedings' * * * That principle has since been applied to require the assistance of counsel at the type [time] of arraignment—for example, that provided by Alabama— where certain rights might be sacrificed or lost [referring to *Hamilton* and *White*] * * * In sum, the principle of Powell v. Alabama and succeeding cases requires that we scrutinize any pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as

affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice."

■ With this in mind we have analyzed whether potential substantial prejudice to Appellant's rights inhered in the arraignment without counsel or the ability of counsel to help avoid such prejudice. We conclude there is in this case no such "potential substantial prejudice." The arraignment without counsel, *if* a constitutional error, was harmless beyond a reasonable doubt (Cf. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 710–711).

As in cases dealing with alleged right to counsel at preliminary hearing in Missouri (State v. Patrick, Mo., 420 S.W.2d 258; State v. Harris, Mo., 425 S.W.2d 148), we inquire as to whether there was any possibility of prejudice. We find that it can be, and is, known that no prejudice to Appellant resulted from lack of counsel at arraignment. State v. Scott, Mo., 404 S.W.2d 699, cited by Appellant, where the defendant without counsel at arraignment entered a guilty plea, does not aid Appellant. Nor does Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398, also relied on by him.

■ We do not proceed on the theory that defendant waived his right to counsel at arraignment, although we have held that such may be done in State v. Moreland, Mo., 396 S.W.2d 589, 594, cited by Appellant here, which affirmed a judgment and sentence upon a plea of *guilty*. In its statement (1. c. 594) that a defendant has a legal right to an attorney at arraignment, *Moreland* must be read in light of its facts and other decisions of this court mentioned above dealing with right to counsel at arraignment.

■ Nor do we base our conclusion on the fact that the record fails to show that Appellant requested counsel at arraignment. We assume for purpose of this decision, without finding it supported by the record in any way whatsoever, that Appellant so requested. The trial court appointed counsel, who had ample time and opportunity under Rule 25.06 to raise any defense or objection he wanted to. Appellant does not contend that his trial counsel was incompetent or inefficient in this respect (in Point 3 of his brief in the motion to vacate proceedings, he merely urged that he did not have competent counsel *on appeal*, relying on *Douglas*). We cannot agree with Appellant that he was in an "uncounseled floundering in a procedural bog." The simple facts are that he was duly arraigned, entered a plea of not guilty, counsel was duly appointed and had ample time to file any motions he wanted to and to prepare for trial, the case went to trial, and neither Appellant nor any of his attorneys raised the point until his motion to vacate proceedings. Appellant did not admit or waive anything. The record shows no prejudice at trial was caused by his having no counsel at arraignment. If Appellant had been in a procedural morass, it is reasonable to believe that his counsel somewhere along the way would have so indicated by filing a proper motion with the trial court. We rule this point against Appellant.

## ALLEGED INSTRUCTIONAL ERROR

■ Appellant contends that Instruction 3 was defective in that it permitted a refutation of the presumption of innocence merely upon the State's presentation of evidence and prior to any cross-examination. Counsel urges that the presumption accompanies a defendant throughout the trial (State v. Washington, Mo., 364 S.W.2d 572) and that the wording of the instruction in State v. Lively, 311 Mo. 414, 279 S.W. 76 (that the presumption protects defendant notwithstanding the State may

have established a prima facie case) is the proper one and should have been used. Counsel reasons that the presumption remains "until the verdict is in," and attacks Instruction 3 on the ground that it fails to state that the presumption continues throughout the trial, or that it refutes a prima facie presentation by the State, or that it is to be considered at every stage of the trial. Counsel concludes that the trial court in this respect failed to follow the mandate of § 546.070, RSMo 1959, V.A.M.S., and Rule 26.02(6) requiring the court to instruct on the subject of "reasonable doubt." Instruction 3 included the verbatim language of the instruction prescribed in State v. Caffey, Mo., 365 S.W.2d 607, and approved in State v. Rhodes, Mo., 408 S.W.2d 68; State v. Key, Mo., 411 S.W.2d 100, and State v. Durham, Mo., 418 S.W.2d 23. The jury in this case received the instruction at the close of all the evidence. It plainly required them to consider all the evidence in order to determine whether guilt was established beyond a reasonable doubt. We find no error in the instruction and rule the point against Appellant.

## ALLEGED PHOTOGRAPH ERROR

Appellant contends that the trial court erred in permitting the State, over Appellant's specific objection, to use a police photograph of him which served, with the testimony on same, only to apprise the jury of his prior criminal record when the photograph was irrelevant to any issue at the trial and prejudiced the jury.

We note what we said on this in the first appeal (351 S.W.2d l. c. 778, 780) and now review the record further. While Appellant's motion for new trial states that the photograph was "obviously a police photograph," the record does not so show. For all the record indicates, it could have been any kind of photograph. None of the examination of Bass indicated that defendant had been charged with or convicted of any other crime. The jury never saw

the photograph, Appellant in his reply brief pro se concedes that the jury did not see the photo and asserts merely that the jury heard what was said. The photo was not offered or received in evidence.

■ The trial judge no doubt considered the photograph testimony was not prejudicial. No abuse of his discretion appears from the record. We will not interfere with it. What the jury might have gathered about the inherent nature of the photo from the proceedings mentioned is not shown by the record to have prejudiced Appellant. See: State v. Daegele, Mo., 302 S.W.2d 20, 24, where defendant alleged error because of the State's opening statement that three witnesses had identified pictures of the defendant taken from police files, which this court considered as "improper," but held the trial court did not err in failing to discharge the jury. There was no indication (except from the fact that Officer Reddick had it along with other photos) that the photograph was of a person convicted of a crime. Compare State v. Rima, Mo., 395 S.W.2d 102, 104–105, which distinguished State v. Baldwin, 317 Mo. 759, 297 S.W. 10, where *testimony* showed the photograph was from the "Bertillion room in which pictures of persons convicted of a felony were kept." See also State v. Camper, Mo., 391 S.W.2d 926, 928, where this court in a case involving a similar situation held that the trial court did not err in refusing to declare a mistrial.

Appellant cites State v. Johnson, Mo., 347 S.W.2d 220, and State v. Dees, Mo., 276 S.W.2d 201, for the rule that proof of separate and distinct crimes is not admissible but recognizes that such proof is admissible (under an exception to the rule) to establish identity (State v. Anderson, Mo., 384 S.W.2d 591). Appellant urges, however, that the exception does not apply if "identification is established by other evidence and is no longer an issue," citing State v. Holmes, Mo., 389 S.W.2d 30, 33,

which states: "It is not proper to admit details of separate and distinct crimes for the purpose of showing identity."

 Even if the photo were a police photo and the jury gathered this, the issue of identity was still in the case and the out-of-court photograph identification was a proper part of the in-court identification. The jury did not hear evidence on any details of any other crime or even any evidence indicating that Appellant had been even charged with a crime. The trial court properly overruled defendant's objection at the time the State's attorney, Cahill, asked the reporter to identify the photograph. When Cahill then asked if it was a photograph like the one previously shown to Bass, defendant's attorney, Noble, did not object but later cross-examined Bass three times on it as it might bear solely on identification. The trial court could reasonably have believed that the jury would consider the entire testimony as dealing solely with the issue of identification and not with evidence of another crime. The trial court did not err in failing, on its own motion, to restrict Cahill's further direct examination or to instruct the jury as to the limited purpose of the testimony as to the photograph or in any other respect. We view the incident as relatively minor in nature and one which did not prejudice the jury. The point is ruled against Appellant.

We adopt our opinion on the first direct appeal (351 S.W.2d 775) with respect to Appellant's contentions not specifically covered above. We have reviewed and considered the files, records and briefs in both prior appeals to this court, and the additional briefs filed herein. We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the indictment, verdict, judgment, and sentence.

The judgment is affirmed.

EAGER, P. J., and MURPHY, Special Judge, concur.