William B. **DONNELL**

v.

Harold R. **SWENSON**, Warden.

No. 997.

United States District Court
W. D. Missouri, C. D.

Aug. 15, 1969.

P. Pierre Dominique, Jefferson City, Mo., for plaintiff.

Norman C. Anderson, Atty. Gen., State of Missouri, Howard L. McFadden, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

MEMORANDUM AND ORDER

I

This habeas corpus case is before this Court for a second time. In Donnell v. Swenson (W.D.Mo.1966), 258 F.Supp. 317, affirmed 382 F.2d 248 (1967), we granted habeas corpus relief but conditioned the execution of the writ upon the granting by the Supreme Court of Missouri of a new direct appeal. A new direct appeal was granted, appellate counsel appointed, and the petitioner's conviction was again affirmed in State v. Donnell (Mo.Sup.Ct.Div. 3, 1968), 430 S.W.2d 297.

On October 14, 1968, after receipt of a *pro se* pleading from petitioner, we reopened this case, conducted a pretrial conference, and directed further appropriate proceedings which included the execution of a stipulation. Due to unfortunate and regrettable circumstances, the filing of the stipulation and counsel's advice that the federal question presented and decided on the merits by the Supreme Court of Missouri could appropriately be considered on the briefs filed in that court on petitioner's second direct appeal were not communicated to this Court; hence the delay in disposition of this case.

II

The files and records in this case show that the Honorable Floyd R. Gibson, while serving as District Judge, entered an order on August 30, 1965 directing that an evidentiary hearing be held in this case. After Judge Gibson's appointment to the Court of Appeals and our assignment to the Central Division, we appointed P. Pierre Dominique, Esquire, of Jefferson City, Missouri, a member of the Bar of this Court, to represent petititioner. An evidentiary hearing was conducted as directed by Judge Gibson's order.

It became apparent during that hearing that it was necessary for us only to reach the single federal question of whether petitioner had been denied his federally protected constitutional right to counsel on direct appeal, as those principles were enunciated in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Decision of that question required that we decide the question left open by the Court of Appeals in Bosler v. Swenson (8th Cir. 1966), 363 F.2d 154, affirmed in 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), subsequent to our first opinion in this case, namely, whether *Douglas*, decided in 1963, was to be applied retrospectively to petitioner's 1960 conviction. We held that *Douglas* must be so applied and conditioned habeas corpus relief on the granting of a second direct appeal in the Supreme Court of Missouri.

During the course of our first opinion, however, we noted that "[b]ecause the Supreme Court of Missouri may again hear petitioner's original appeal on the merits, we are required to make findings of fact in addition to those made in connection with the Douglas v. People of State of California point." On the basis of the evidence adduced in this Court we found that "petitioner was not represented by counsel at the time of his arraignment and plea of not guilty." We then stated that:

The significance of that factual finding can be understood only in the light of the questions that petitioner attempted to present to the Supreme Court of Missouri. Among other questions, petitioner presented to that court the federal constitutional question of whether a proper application of the principles of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 * * *, had been abridged by reason of the fact that

he had been arraigned without counsel. [258 F.Supp. at 333].

We noted that the Supreme Court of Missouri had refused to reach that question in either of its two earlier appellate considerations of petitioner's case because it had proceeded on what we found to be an "erroneous factual assumption that petitioner had been represented by counsel at his arraignment." We then stated that:

It is obvious that we believe the questions concerning the applicability of Hamilton v. State of Alabama and White v. State of Maryland are open for determination. Professor Hunvald's discussion of those cases and the Missouri cases in his article "The Right to Counsel at the Preliminary Hearing," 31 Mo.L.Rev. 109 (Winter, 1966), demonstrates that question is not a frivolous one.

\* \* \* \* \* \*

Our ruling in regard to *Douglas* and its retrospective applicability to this case, and our order affords the Supreme Court of Missouri, if requested by the Attorney General of Missouri, the opportunity of deciding the Hamilton v. State of Alabama and White v. State of Maryland questions under the facts as we have found them. The federal question of whether those cases or either of them should be applied retrospectively is also open for decision.

Neither our citation of Professor Hunvald's article, which raises some substantial questions in regard to several recent decisions of the Supreme Court of Missouri, nor anything else we have said in this section of our opinion is intended to indicate our view in regard to the questions here discussed that will be before the Supreme Court of Missouri.[1] [258 F. Supp. at 335.]

Counsel appointed to represent petitioner in the Supreme Court of Missouri on his second direct appeal appropriately presented and argued the point that "the trial court plainly erred in proceeding with appellant's trial as appellant was not represented by counsel at his arraignment in violation of his right to the assistance of counsel as required by the Sixth Amendment to the Constitution of the United States and Article I, Section 18(a) of the Missouri Constitution [V.A.M.S.]."

The opening paragraph of his argument in the Supreme Court of Missouri stated:

Since the Supreme Court recognized that the Sixth Amendment guarantee of "Assistance of Counsel" in criminal prosecutions is applicable to the several states by virtue of the Fourteenth Amendment, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 [9 L.Ed. 2d 799] (1963), the required scope of counsels' functioning has dramatically expanded. The attendance of counsel is now required at every critical stage in the judicial process from custodial interrogation of a suspect, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602 [16 L.Ed.2d 694] (1966), through representation of a convicted defendant on appeal, Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814 [9 L.Ed.2d 811] (1963).

Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); White v.

---

[1]. In the addendum written in response to suggestions for modification filed by the parties in regard to our original opinion and order, we stated: "Petitioner joins the respondent in the suggestion that this court decide the questions concerning the applicability of Hamilton v. State of Alabama and White v. State of Maryland, discussed in Section VI of our original memorandum opinion. We shall not make any modification of our original opinion for the reasons we have already stated in detail. We direct attention to the general discussion of the long history, developed on a case-by-case basis, of the doctrine of federal abstention in Fay v. Noia, 372 U.S. 391, at 417–426, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). See also our public expression of confidence in the courts of Missouri in Post-Conviction Applications, 39 F.R.D. 281 at 294 and 298." [258 F.Supp. at 338.]

Maryland, 373 U.S. 59, 83 S.Ct. 1050 (1963), and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157 (1961), were relied upon, together with many Missouri cases including the recent Missouri case of State v. Scott (Mo.Sup.Ct. Div. 2, 1966), 404 S.W.2d 699, 702, which stated that "[B]'y both rule and statute Missouri has always recognized that arraignment is indeed *'a critical stage'* in a criminal proceeding *requiring the appointment of counsel* not only in homicide cases but upon arraignment for any 'felony.' R.S.Mo. 1959, § 545.820, V.A.M.S.; Criminal Rule 29.01." [Emphasis counsel's.]

Petitioner's appointed counsel directed the Supreme Court of Missouri's attention to Section 545.820, V.A.M.S., and to Missouri Criminal Rule 29.01, V.A.M.R., both of which require the appointment of counsel, on request, for any person about to be arraigned who is unable to employ counsel. He argued that a defendant who pleads without counsel necessarily suffers disadvantages as compared to a defendant who pleads with counsel, directing attention to other sections of the Missouri statutes and to other earlier Missouri cases. The concluding paragraph of his argument to the Supreme Court of Missouri on the point argued:

The defendant's arraignment without counsel violated statutory requirements, Supreme Court rules, decisions of this Court, the mandate of the Sixth Amendment, and the provisions of Article I, section 18(a) of the Missouri Constitution. Justice Douglas wrote, "When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice results." Williams v. Kaiser, 323 U.S. 471, 475–76, 65 S.Ct. 363, 366 [89 L.Ed. 398] (1945)—an uncounseled plea followed by days without an attorney, culminating in a ninety-nine year sentence cannot be accorded lesser consideration.

The Supreme Court of Missouri concluded that petitioner's argument was not tenable.

### III

The Supreme Court of Missouri, on its second direct appeal, stated that:

In Donnell v. Swenson, supra, the district judge stated (258 F.Supp. l. c. 333) that in the appeal on the motion to vacate Appellant had presented to this court the federal constitutional question of "whether a proper application of the principles of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, had been abridged by reason of the fact that he had been arraigned without counsel." The district judge found on the basis of evidence adduced that Appellant was not represented by counsel at the time of his arraignment and plea of not guilty, * * *. [430 S.W.2d at 299.]

The Supreme Court of Missouri accepted "the admission by the State that Appellant did not have counsel at arraignment" and proceeded to decide the federal constitutional point on the merits. In so doing, it held that the Missouri statutes and its own rules of court should be read and applied as follows:

We have held that the absence of counsel during arraignment is not, per se, a violation of the Sixth Amendment. See State v. Benison, Mo., 415 S.W.2d 773, 775, where we stated:

At this stage of the proceedings he was not required under the laws of this state to assert any right, plea or defense to preserve any statutory or constitutional right; no possible rights, pleas or defenses were lost to him at these proceedings; they were preserved inviolate, and no prejudice to defendant resulted. [430 S.W.2d at 300.]

\* \* \* \* \* \*

We have previously distinguished *Hamilton* and *White* in proceedings involving claims of error because of lack of counsel at preliminary hear-

ing, which we have held repeatedly is not in itself a constitutional error and does not make the preliminary hearing a "critical stage" (State v. Patrick, Mo., 420 S.W.2d 258, 261).

We hereby expressly declare that it is the law of Missouri now and was at the time from Appellant's arraignment through his trial that a defendant has an absolute right to consideration on the merits of objections to the indictment and similar pretrial types of attacks on the proceedings. [Ibid.]

\* \* \* \* \* \*

The right to assert any defense or objection is preserved and is not irretrievably lost as was in the case in *Hamilton.* [Ibid. at p. 301]

\* \* \* \* \* \*

As in cases dealing with alleged right to counsel at preliminary hearing in Missouri (State v. Patrick, Mo., 420 S.W.2d 258; State v. Harris, Mo., 425 S.W.2d 148) we inquire as to whether there was any possibility of prejudice. We find that it can be, and is, known that no prejudice to Appellant resulted from lack of counsel at arraignment. [Ibid at 303.]

\* \* \* \* \* \*

We cannot agree with Appellant that he was in an "uncounseled floundering in a procedural bog." \* \* \* If Appellant had been in a procedural morass, it is reasonable to believe that his counsel [appointed subsequent to arraignment] somewhere along the way would have so indicated by filing a proper motion with the trial court. We rule this point against Appellant. [Ibid at 303.]

The Supreme Court of Missouri relied upon Madison v. Tahash (8th Cir. 1966),

359 F.2d 60, a per curiam opinion of the Eighth Circuit Court of Appeals holding that, under Minnesota law, arraignment was not a critical stage of a criminal proceeding at which, under the Sixth Amendment, a defendant was entitled to be represented by counsel. The Supreme Court of Missouri reasoned that the rationale of Madison v. Tahash, although dealing with Minnesota procedures, was applicable to Missouri's procedures, as those procedures had been construed by the Supreme Court of Missouri in this and other cases decided by that court.

■■ We believe that the Supreme Court of Missouri correctly construed the impact of Madison v. Tahash. In regard to the related question of whether the Sixth Amendment guarantees counsel at a preliminary hearing the Eighth Circuit has held that it does not, under Nebraska law, see Burnside v. State of Nebraska (8th Cir. 1965), 346 F.2d 88. The Eighth Circuit has extrapolated the rationale of its decision in that case to Missouri law in Pope v. Swenson (8th Cir. 1968), 395 F.2d 321.[2] There is every indication that the Court of Appeals would make a similar extrapolation of the rationale of Madison v. Tahash to the factual situation presented in this case.

We believe that the Supreme Court of Missouri is entitled to rely upon decisions of the Court of Appeals for the Eighth Circuit which enunciate and articulate the principles of cases decided by the Supreme Court of the United States. And certainly orderly principles of judicial administration require that this Court read the opinions of the Supreme Court as the Eighth Circuit reads them.

■ Because we believe the Supreme Court of Missouri correctly construed the

---

2. The fact that Pope v. Swenson did not mention Missouri Criminal Rules 23.02 and 23.03, which clearly contemplate the presence of counsel at a Missouri preliminary hearing, is not significant in a Sixth Amendment case because in such a case the right to counsel depends upon that Amendment and not on State law. Another, and entirely different federal question, of course, is presented if the challenge is based upon equal protection and due process grounds under the Fourteenth Amendment. But the latter question was not presented in Pope v. Swenson; nor has it ever been presented by petitioner to either this Court or to any Missouri court.

impact of the rationale of Madison v. Tahash, we find and conclude that the federal question concerning petitioner's right to counsel at preliminary hearing under the Sixth Amendment was decided in accordance with federal principles as enunciated by the Court of Appeals for the Eighth Circuit.

## IV

In several of the orders entered by Judge Gibson before he directed that this case be set for evidentiary hearing, he noted that the petitioner had presented "manifold grounds" for relief in his original Missouri 27.26 motion and that it was most difficult to ascertain whether the petitioner had actually "presented all the points" which were apparently lurking in this case. When we conducted the hearing ordered by Judge Gibson, we commented that "this file and the lengthy and involved pleadings that have been filed by the petitioner emphasize the necessity of trained and competent counsel to assist the petitioner in sorting out the claims that he wishes to present." Counsel appointed for petitioner in connection with his second direct appeal parenthetically noted (in their briefs filed in the Supreme Court of Missouri) the "lack of a proper record" and commented that "we are without an accurate record of what did take place at the pretrial stage of this case and are thus forced to resort to surmise."

We are cognizant of the Eighth Circuit's recognition of the impact of Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), on the rules of exhaustion and of the duty to inquire whether "[i]t would be senseless to have petitioner litigate back through the Missouri courts" under the circumstances of a particular case. See Pope v. Swenson, *supra*, 395 F.2d at 323, footnote 1.

■■ On the other hand, it is apparent that the Missouri courts have not been given an opportunity to consider many of the numerous federal claims heretofore identified by Judge Gibson and perhaps additional federal claims which the petitioner might appropriately present if appropriately advised by competent counsel. The question, for example, of whether petitioner might be entitled to counsel pursuant to the rationale of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and the progeny of that case has never been presented to either the State or federal courts. The fact that a defendant might not be entitled to counsel under the Sixth Amendment may not necessarily mean that he is not entitled to counsel under the Equal Protection and Due Process clauses of the Fourteenth Amendment, as illustrated by the recent Tenth Circuit case of Earnest v. Willingham (10th Cir. 1969), 406 F.2d 681. The federal courts should not decide that federal question or the other federal questions lurking in this case until the courts of Missouri are given a full and fair opportunity to consider and decide those questions in accordance with applicable controlling federal standards.

## V

■■ It is our duty under Section 2243, Title 28, United States Code, to dispose of this case as law and justice require. Our disposition must also be consistent with the principles of exhaustion of available State corrective process codified in Section 2254, Title 28, United States Code.

This case vividly illustrates the consequences of inappropriate application of postconviction procedures required by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Supreme Court of Missouri decided petitioner's first direct appeal in November, 1961, reported in 351 S.W.2d 775. In spite of the Eighth Circuit's determination and confidence expressed in October, 1963, see 323 F.2d 850, that petitioner would be afforded an appropriate constitutionally required postconviction evidentiary hearing in the Missouri courts, the Supreme Court of Missouri in February, 1965, af-

firmed the Circuit Court of St. Louis' denial of petitioner's Missouri Rule 27.26 motion which had been denied without hearing. Our first habeas opinion in this case, written after the evidentiary hearing ordered by Judge Gibson had been held, was handed down in August, 1966, 258 F.Supp. 317.

As a result of our order in that case, the Supreme Court of Missouri was required to consider petitioner's case a third time and it handed down its third opinion in May, 1968, 430 S.W.2d 297, when it decided his second direct appeal. And the end of litigation in either the State or federal courts still is not yet in sight.

It was obvious from the time petitioner commenced his postconviction litigation in the State courts that in addition to the federal questions concerning counsel on appeal and counsel at arraignment that petitioner alleged and placed in factual dispute several additional federal questions which would eventually require a full evidentiary hearing before those questions could properly be decided.

Had Missouri's present postconviction procedures been effective in 1965, the Supreme Court of Missouri would have promptly remanded petitioner's original Rule 27.26 motion to the Circuit Court of St. Louis for the appointment of counsel for petitioner. Petitioner's counsel would have been placed under immediate duty to ascertain all possible grounds, both state and federal, upon which petitioner's conviction and sentence might be subjected to attack. Counsel would have been required to file an amended Rule 27.26 motion to include all possible claims, both State and federal, which had not been included in petitioner's motion as originally filed.

Had the case progressed under those circumstances, all of petitioner's claims would have been decided by the State trial court on the merits in a manner which would have produced appropriate findings of fact and conclusions of law, in a single postconviction proceeding. The Supreme Court of Missouri would have been required to hear and decide a single postconviction appeal. And the federal courts would have been required to exercise its habeas corpus jurisdiction in regard to a single complete State postconviction proceeding in which reliable findings of fact would have been made to which appropriate deference could have been made by the federal courts. But that, of course, has not been the procedural history of this case.

Petitioner's postconviction proceedings in both this Court and in the courts of Missouri, however, were conducted prior to the 1967 amendment of the Missouri Supreme Court Rule 27.26. Both this Court, see White v. Swenson (W.D.Mo. en banc 1966), 261 F.Supp. 42; and the Court of Appeals for the Eighth Circuit, see Baines v. Swenson (8th Cir. 1967), 384 F.2d 621, 622; Maness v. Swenson (8th Cir. 1967), 385 F.2d 943 at 946; Worley v. Swenson (8th Cir. 1967), 386 F.2d 186 at 187; and Cheek v. Swenson, (8th Cir. 1967) 387 F.2d 339 at 341, have recognized that "new and radical changes," to use the Court of Appeals' language in *Cheek*, were made in Missouri postconviction procedures when Missouri Rule 27.26 was amended, effective September 1, 1967.

As also noted in *Cheek*, petitioner now has the right to file an entirely new postconviction motion under amended Missouri Rule 27.26 and that "under the new procedures, *with aid of counsel*, he will be afforded an opportunity for a full review of his conviction." Appointment of competent counsel, of course, has proven to be the key to the orderly processing of postconviction litigation. Notions that courts, either trial or appellate, can process postconviction litigation without both sides being represented by competent counsel have been abandoned by every court that has given the matter reasoned consideration.

Petitioner has been effectively represented by counsel appointed in both this Court and in the Supreme Court of Missouri on his second direct appeal. We are confident that counsel who may be appointed for petitioner in connection with further foreseeable litigation will

render services in accordance with the high standard established by other appointed counsel in this case.

We request that P. Pierre Dominique, Esquire, who has long effectively represented petitioner in this Court, to perform one additional task on behalf of the petitioner. We request that Mr. Dominique confer with petitioner in regard to his rights of appeal in regard to our final judgment in this case and in regard to his right to file a new Missouri Rule 27.26 motion in the Circuit Court of St. Louis in which all presently known claims, both State and federal, could be included.

We also request that if, after consultation with Mr. Dominique, petitioner decides to file a new Missouri Rule 27.26 motion that Mr. Dominique assist petitioner in the preparation and filing of such a motion. In light of the extensive *pro bono publico* services already rendered, Mr. Dominique will make a particular notation on any motion that may be filed that it is contemplated that an amended motion pursuant to Missouri Rule 27.26(h) will be filed by new counsel to be appointed by the Circuit Court of St. Louis.

We are confident that Charles M. Deeba, Esquire, and John J. Keilback, Esquire, who effectively represented petitioner in the Supreme Court of Missouri, will be willing to consult both with Mr. Dominique and with new counsel who may be appointed to represent petitioner should he decide to file a new Missouri Rule 27.26 proceeding.

For the reasons stated, it is

Ordered that the portion of the petition for federal habeas corpus based on petitioner's alleged Sixth Amendment claim that he had the right to be represented by counsel at the time of his arraignment under that Amendment should be and the same is hereby denied on the merits. It is further

Ordered that the petition should be dismissed without prejudice in regard to all other grounds in order to permit petitioner to exhaust existing State post-conviction procedures which became available by reason of the Supreme Court of Missouri's amendment of its Rule 27.-26, effective September 1, 1967. It is further

Ordered that petitioner confer with P. Pierre Dominique, Esquire, his appointed counsel in this Court, before further communicating with this Court. It is further

Ordered that Mr. Dominique be relieved of further representation of petitioner after he has rendered petitioner the services indicated in our opinion.

The Court again expresses its gratitude to Mr. Dominique for the outstanding representation he has afforded petitioner. Those services have indeed been in the highest tradition of the Bar. It is to be hoped that legislation presently pending in the Congress will be favorably considered in order that counsel for indigent state prisoners are not required to donate services for the benefit of the public in federal habeas corpus proceedings.