**Melvin Lee HALL, Appellant,**

v.

**UNITED STATES of America.**

**No. 17614.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs Sept. 15, 1969.

Decided Nov. 6, 1969.

Melvin Lee Hall, pro se.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Carl J. Melone, Sp. Asst. to the U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, KALODNER and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appellant Hall asserts he is entitled to relief pursuant to Section 2255, Title 28 U.S.C. On July 7, 1966 Hall robbed the City Savings and Loan Association in Philadelphia, a Federally insured institution, was wounded during his arrest and was taken to a hospital. A hearing was held by a United States Commissioner on July 11, 1966 at Hall's hospital bedside. The special agent of the FBI who had investigated the crime was the only witness to testify at that hearing and it does not appear from the United States Commissioner's record how far the hearing progressed. Hall had retained counsel and Hall's relatives informed the Commissioner, apparently

during the hearing,[1] that he had counsel but that his counsel was unable to attend the hearing and requested a subsequent date following a continuance. The hearing was adjourned and continued until July 21, 1966 when Hall's counsel was present. At this hearing the Commissioner held Hall for the Grand Jury.

An indictment No. 22597 based on the July 7 robbery was handed down against Hall. The indictment has three counts, two of which were based on Section 2113 (a) of Title 18 U.S.C., and the third was based on Section 2113(d) of that title. Hall pleaded guilty on each count and sentences of thirteen years' imprisonment were imposed on each count to run concurrently.[2]

Hall filed the present proceeding seeking an order vacating the judgment and commitment of the court below and also asking leave to take an appeal *in forma pauperis*. The relief sought was denied him. We granted leave to prosecute his appeal in this court *in forma pauperis* and treated his application to this court as a notice of appeal.

Hall's principal contention is that when he was before the United States Commissioner on July 11, 1966, the first and adjourned hearing, he had no counsel present and that therefore he was denied due process of law. His contention is without merit, for he has demonstrated no prejudice whatsoever on this record. See United States v. Hendrickson et al., 417 F.2d 225 (3 Cir. 1969); Tyman v. Eyman, 397 F.2d 53, 55 (9 Cir.), cert. den., 393 U.S. 954, 89 S.Ct. 383, 21 L.Ed.2d 366 (1968); Pope v. Swenson, 395 F.2d 321, 322 (8 Cir. 1968); Shane v. United States, 367 F.2d 285, 289 (9 Cir. 1966); Shelton v. United States, 120 U.S.App. D.C. 65, 343 F.2d 347 (1965) (per curiam). *Cf.* Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

The other points raised by Hall are too ephemeral to require discussion.

He has not sought relief in the Section 2255 petition presently before us on any issue respecting the sentences on the three counts of the indictment No. 22596 in the light of United States v. Anthony, (3 Cir. 1969). We take judicial notice of the fact that there are presently pending in the court below two additional Section 2255 petitions filed by Hall upon which issues raised by the *Anthony* case may perhaps be adjudicated. Concerning these issues and the application of our *Anthony* decision we, of course, express no opinion.

The judgment of the court below will be affirmed.

1. The record is silent on this point.

2. A second indictment for a different robbery of the same Association on March 16, 1966 was handed down against Hall by the Grand Jury but there was no preliminary hearing before any United States Commissioner or any magistrate. This indictment has the number 22596. Again there were three counts, one based on Section 2113(a) of Title 18 U.S.C., the second on Section 2113(b) of the same title, and the third on Section 2113(d) of the same title. Hall was sentenced to seventeen years' imprisonment on each count to run concurrently with each other and with sentences imposed on indictment No. 22597.

The sentences imposed under indictments No. 22597 and No. 22596 were imposed under Section 4208(a) (2), Title 18 U.S.C., whereby Hall became eligible for parole at such time as the Board of Parole may determine.