

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **WD85830** |
| | ) | |
| **JAMES EUGENE LOGAN,** | ) | **Filed: October 24, 2023** |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Boone County**
**The Honorable Stephanie M. Morrell, Judge**

**Before Division Two: Alok Ahuja, P.J., and**
**Anthony Rex Gabbert and Thomas N. Chapman, JJ.**

James Logan was convicted of one count of assault in the fourth degree following a bench trial in the Circuit Court of Boone County, based on an incident which occurred in Columbia on July 17, 2022. Logan appealed, contending that the circuit court erred by arraigning him without having appointed counsel available to represent him.

We initially issued an opinion holding Logan's appeal in abeyance, because the record on appeal did not include a written judgment complying with Supreme Court Rule 29.07(c). *See State v. Logan*, No. WD85830, 2023 WL 6066133 (Mo. App. W.D. Sept. 19, 2023). We remanded the case to the circuit court for entry of

a written judgment. A Rule 29.07(c) judgment was submitted to this Court on October 3, 2023, and the appeal is accordingly now ripe for decision.

The facts underlying Logan's conviction are described in our prior opinion, and we do not repeat that description here. For present purposes, the salient facts concern the preliminary proceedings in the circuit court. Logan's initial appearance occurred on August 17, 2022. Logan was arraigned and entered a plea of not guilty, and the court set bond conditions. The record reflects that Logan appeared without counsel, although the court advised him of his right to request appointment of counsel.

Logan appeared in person without counsel for two subsequent case review hearings, where his case was continued. On September 14, appointed counsel entered his appearance on Logan's behalf. On October 24, Logan moved to dismiss the information, contending that the court had violated his constitutional rights by failing to appoint counsel at his arraignment. After a bench trial, the circuit court denied Logan's motion to dismiss, found Logan guilty, and sentenced him to fifteen days in the Boone County jail, to run consecutively to his sentences in another case (which was also appealed to this Court as No. WD85831, and which is now pending in the Missouri Supreme Court as No. SC100265).

On appeal, Logan asserts two Points, which contend that the circuit court's failure to appoint counsel to represent him at his initial appearance violated Supreme Court Rule 31.02(a), and his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, § 18(a) of the Missouri Constitution. This Court has considered, and rejected, these

same arguments in a series of recent decisions, beginning with *State v. Woolery*, No. WD85530, 2023 WL 4188250 at \*2-\*6 (Mo. App. W.D. June 27, 2023). We followed *Woolery*'s analysis and holding in *State v. Mills*, No. WD85624, 2023 WL 6560078 at \*10-\*14 (Mo. App. W.D. Oct. 10, 2023); *State v. Logan*, WD85831, 2023 WL 5918635 at \*4-\*5 (Mo. App. W.D. Sept. 12, 2023); and *State v. Phillips*, No. SD37382, 2023 WL 5815843 at \*2-\*3 (Mo. App. S.D. Sept. 8, 2023).

In each of the cited cases, this Court held that Rule 31.02(a) does not mandate that a defendant be represented by counsel at their arraignment. While the Rule requires that the circuit court advise the defendant of their right to appointment of counsel, "the rule expressly contemplates that a defendant may 'be without counsel upon his first appearance.'" *Woolery*, 2023 WL 4188250 at \*3. We also held that an arraignment is not a "critical stage" of a criminal prosecution at which representation by counsel is constitutionally required, because under Missouri practice "'[t]he right to assert any defense or objection is preserved and is not irretrievably lost' if not asserted at arraignment." *Id.* at \*4 (quoting *State v. Donnell*, 430 S.W.2d 297, 300 (Mo. 1968)). We noted that, in a series of decisions, the Missouri Supreme Court had expressly rejected the claim that an accused has a constitutional right to representation by counsel at their arraignment. *Id.* at \*5 (collecting cases).

The Missouri Supreme Court granted applications for transfer in *Woolery* (No. SC100170) and in *Phillips* (No. SC100247). As a result of the grants of transfer in *Woolery* and *Phillips*, this Court transferred both Logan's other

appeal, and *Mills*, to the Supreme Court. *See State v. Logan*, No. SC100265, and *State v. Mills*, No. SC------.

Given the analysis in prior decisions of the Missouri Supreme Court, and in the recent decisions of this Court, Logan's right-to-counsel arguments in this appeal are meritless. As a result, we would normally affirm his conviction. Because of the other cases currently pending in the Missouri Supreme Court addressing the identical issues, however, we elect to transfer this case to the Missouri Supreme Court for final disposition pursuant to Rule 83.02.

_____
Alok Ahuja, Judge

All concur.