**STATE of Missouri, Respondent,**

v.

**Harold Lloyd VERKLER, Appellant.**

**STATE of Missouri, Respondent,**

v.

**Darrell Floyd VERKLER, Appellant.**

Nos. 47683, 47684.

Supreme Court of Missouri,

Division No. 1.

May 9, 1960.

Hale W. Brown, Kirkwood, for appellants.

John M. Dalton, Atty. Gen., J. Richard Roberts, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Darrell and Harold Verkler, jointly charged with robbery in the first degree with a dangerous and deadly weapon, were granted severances and thereafter, as agreed, their cases were consolidated and

**38**

tried together. Each defendant was convicted as charged and the jury assessed his punishment at five years' imprisonment and each has appealed from the respective judgment entered but neither has filed a brief.

The record presents the unusual situation in which the state adduced substantial evidence of the defendants' guilt of the offense charged, both defendants judicially admitted their guilt, received the minimum punishments prescribed, and yet each defendant has appealed.

About midnight on August 6, 1958, defendants and their companion, not on trial, forced their way into the home of Mr. and Mrs. John T. McMillen located about two miles from Keyesville and, pointing a shotgun and a rifle at both the McMillens and in their presence and against their wills, took more than $328 and some costume jewelry belonging to Mr. or Mrs. McMillen. Shortly thereafter defendants and their participating companion were apprehended with the money and jewelry in their possession, were identified by Mr. and Mrs. McMillen and their daughter, and thereafter admitted their guilt. As stated above, both defendants, as well as their companion not on trial, took the stand and, while giving slightly different versions as to the exact sequence of events, testified in substantial accord with evidence adduced by the state and each testified to facts which constituted each guilty of the offense charged.

 Their joint motion for new trial contained three assignments. The first two, that the verdicts of the jury were not supported by the evidence and should have been for the defendants, not only failed to preserve any matter for review but, as demonstrated by our statements above, are without merit.

The third assignment complained of the failure of the trial court to declare a mistrial when one of the state's witnesses, the McMillens' daughter, cried while on the stand and in the presence of the jury. Defendants asserted that such was an emo-

tional outburst calculated to prejudice and inflame the jury against the defendants. Not only does an examination of the incident as reflected by the record fail to disclose that the trial court abused its discretion in failing to declare a mistrial because of it but, inasmuch as the jury assessed the minimum possible punishments for the crime the commission of which the defendants admitted under oath, it is apparent that the incident did not prejudice the jury against the defendants. Section 560.135 RSMo 1949, V.A.M.S.

We have examined those matters which we review irrespective of whether anything in connection with them has been properly preserved for review and find no error prejudicial to defendants.

The judgment in each case, No. 47,683 and No. 47,684, is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.