**STATE of Missouri, Respondent,**

v.

**William DONNELL, Appellant.**

**No. 48601.**

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Motion for Rehearing or for Transfer to Court en Banc Denied Dec. 11, 1961.

William Donnell, pro se.

Thomas F. Eagleton, Atty. Gen., Carl R. Gaertner, Sp. Asst. Atty. Gen., for respondent.

DALTON, Judge.

This is an appeal from a conviction of robbery in the first degree by means of a dangerous and deadly weapon and a sentence for said offense under the Habitual Criminal Act to 99 years' imprisonment in the state penitentiary.

The indictment, filed in the Circuit Court of the City of St. Louis on January 26, 1960, charged defendant with the commission of said offense in said city on May 22, 1959, and further charged two prior felony convictions, to wit: (1) Armed Robbery in the Criminal Court of Cook County, Illinois, November 3, 1932, with a sentence to imprisonment in the Illinois State Penitentiary at Joliet, Illinois, for a term of one year to life, from which sentence he was first paroled on October 2, 1941, and re-paroled on May 26, 1958, and (2) a conviction for robbery in the first degree by means of a dangerous and deadly weapon on March 10, 1944, in the Circuit Court of the City of St. Louis, with a sentence of 15 years in the Missouri State Penitentiary, from which sentence he was discharged on February 25, 1954. See Secs. 560.120, 560.135 and Sec. 556.280 RSMo 1959, V.A.M.S.

Defendant, represented by counsel, entered a plea of not guilty and the cause was tried to a jury. At the close of the State's evidence the defendant's counsel advised the court that "the defense has no witnesses", whereupon, outside the hearing of the jury, the court heard evidence concerning the prior convictions alleged in the indictment. Defendant's counsel objected to the admission of such evidence on the ground that the Habitual Criminal Act, as amended, Laws 1959, S.B. No. 117, was an "ex post facto law * * * no saving clause"; and that "these crimes were committed prior to the enactment of the law." The objection was overruled and evidence heard from which evidence the court, out of the presence of the jury, made a finding that " * * * on the 10th day of March, 1944, at the City of St. Louis, in the Circuit Court of the City of St. Louis, Missouri, the defendant was convicted of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon and was duly sentenced by said Court and was imprisoned in accordance thereto to the Missouri State Penitentiary and was duly discharged therefrom after and upon lawful compliance with

said sentence on the 25th day of February, 1954; the Court further finds that in the Criminal Court of Cook County, Chicago, Illinois, the defendant was duly convicted of the offense of Armed Robbery, which offense, if committed in the State of Missouri would be punishable under the laws of the State of Missouri by imprisonment in the Penitentiary, and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the Illinois State Penitentiary at Joliet, Illinois, in accordance with said sentence; and that after and upon lawful compliance with said sentence was finally discharged by parole on May 26, 1958, * * *."

Thereafter, the guilt or innocence of the defendant of the offense charged in the indictment was submitted to the jury and a verdict returned finding "the defendant guilty of Robbery in the first degree by means of a dangerous and deadly weapon, as charged." The court fixed defendant's punishment at 99 years' imprisonment in the state penitentiary and defendant was subsequently duly sentenced in conformity to the verdict of the jury and the court's order.

In the motion for a new trial and in the pro se brief filed in this Court by defendant-appellant there is no assignment of error based on the alleged insufficiency of the evidence to sustain the verdict of the jury. The issue of the sufficiency of the evidence is mentioned in the typewritten argument portion of the brief. Briefly, the State's evidence tended to show that one Harry Bass, a resident of University City, was engaged in business at 2700 Howard Street in the City of St. Louis, where he owned and operated a grocery, meat market and package liquor store, as the B & B Market. On May 22, 1959, Mr. Bass was in the store and about 9:30 a. m. defendant came in and stayed a few minutes, made a small purchase and left. Although Bass was not personally acquainted with defendant, he had seen him in the vicinity of the store about a week prior to the date in

question. Later in the morning of May 22, defendant returned to the Bass store after his first visit and asked if Bass had seen "Boogie" (Andrew Cage), whom Bass had known for years. "Boogie" had been in the store and out between defendant's visits to the store. Defendant then left, but soon returned for a third time when only one customer, Norman Benson, was in the store. Defendant walked swiftly up behind Benson, who had entered up ahead of him, and stuck something in his back. Then he turned around and told Bass it was a holdup, not to move, to turn around and not look at him. Defendant then made Benson and Bass go into the back room and to the "cooler", where he told Bass to open the door and get in there. Defendant had a black-handle, silvery-looking gun in his hand. It was a revolver, not an automatic. After the door of the "cooler" was closed and Bass thought he had remained long enough, he started to come out, but defendant told him to get back in there or he would kill him. After four or five minutes Bass came out and found the cash register open and the money gone. Approximately $100 was missing and seven pint bottles of scotch whiskey. The matter was reported to the police and, subsequently, Bass viewed a number of pictures brought to him by police officers. None were of defendant. On a later occasion another group of photographs were brought out and Bass promptly identified a picture of defendant. Subsequently in a line-up at the police station and later at the trial he identified defendant as the person who committed the robbery. The evidence was substantial and sufficient to support the verdict. State v. Verkler, Mo.Sup., 335 S.W.2d 37; State v. Turner, Mo.Sup., 320 S.W.2d 579.

In appellant's pro se brief filed in this Court he first complains of only three matters, to wit: (1) the sufficiency of the indictment under Sec. 556.280 RSMo 1949, V.A.M.S.; (2) the introduction of evidence of his prior convictions over his objection that the State did not prove he had complied with his Illinois sentence; and (3) "Ref-erence and inference to appellant's character and reputation by the prosecutor in his closing statement to the jury."

In support of his first assignment he says that the indictment is fatally defective "in that it charges the offense * * * with allegations of prior convictions thus bringing it within the scope of the Habitual Criminal Act, but it does not show nor allege that appellant had been discharged by pardon nor upon compliance with his Illinois sentence, thus rendering the indictment invalid." This assignment cannot be sustained for the reason that the indictment set forth in the transcript on appeal shows the following allegation: " * * * that the said William Donnell was reparoled from the Illinois State Penitentiary at Joliet, Illinois on May 26, 1958." While the indictment does not plead in express words that appellant had been discharged by pardon or upon compliance with sentence, the facts alleged are sufficient to show compliance by alleging the parole on May 26, 1958, prior to the alleged date of the offense for which appellant was being prosecuted, to wit: Robbery in the first degree by means of a dangerous and deadly weapon on May 22, 1959. The sufficiency of such an allegation and proof had previously been established in a cause to which appellant was a party. State v. Donnell, 353 Mo. 878, 184 S.W.2d 1008, 1010(4, 5). And see State v. Murphy, 345 Mo. 358, 133 S.W.2d 398, 400, and State v. Asher, Mo. Sup., 246 S.W. 911, 912. Appellant further argues that he was convicted of an offense alleged in the indictment to have occurred on May 22, 1959, and the burden rested upon the State to show appellant had been discharged upon pardon or by compliance with his Illinois sentence at the time he was put on trial on August 8, 1960; and that the State failed to so prove. There is no merit in the assignment. Appellant's transcript filed in this Court shows that the State offered and the Court received in evidence a certified copy of the records kept in the office of the Warden of the State Penitentiary at Joliet, Illinois, with ref-

erence to appellant, in part as follows: "Returned from parole March 6, 1954. Reparoled May 26, 1958." This evidence was sufficient to support the trial court's finding that prior to May 22, 1959, the date of the alleged offense for which appellant was being prosecuted, he had been discharged from the Illinois sentence "after and upon lawful compliance with said sentence." The evidence of appellant's prior conviction and subsequent discharge upon compliance with his Illinois sentence was properly admitted and sufficient. State v. Hagerman, Mo.Sup., 244 S.W.2d 49, 53; State v. Donnell, supra.

Appellant further insists that, since the offense for which he was being prosecuted was alleged to have occurred on May 22, 1959, and since the indictment was returned on January 26, 1960, the repeal and re-enactment of Sec. 556.280 RSMo 1949, V.A.M.S., did not affect the offense charged to have happened on May 22, 1959, or the trial, and that the prior section applies. It has been noted that defendant's counsel objected to the admission of evidence of prior convictions before the court and out of the hearing of the jury on the ground that the reenactment was an ex post facto law and the crimes were committed prior to its enactment. Defendant's motion for a new trial also charged that "the court erred in failing to strike from the indictment that portion pertaining to the habitual criminal aspects of the case inasmuch as the statute under which action was brought was made effective subject to the date of the alleged crime." The transcript, however, fails to show that any such motion to strike was presented to or ruled upon by the court at any time, and, if presented, is not preserved for review. The motion for a new trial further charged that the court erred in failing to submit to the jury the question of punishment, and in so doing deprived defendant of his constitutional right for a trial by jury. Appellant's present assignment that Sec. 556.280 in the form prior to repeal and re-enactment applied to his case apparently seeks to develop the last mentioned assignment of his motion for a new trial.

As stated, the offense for which appellant was prosecuted was alleged to have been perpetrated on May 22, 1959. Sec. 556.280 as amended became effective on August 29, 1959. The amended Act was properly applied in this case, since it has been repeatedly held that the amendment was procedural only and was not an ex post facto law within the meaning of Sec. 13, Art. I of the Constitution of Missouri 1945, V.A.M.S., or otherwise invalid or inapplicable. State v. Morton, Mo.Sup., 338 S.W.2d 858, 863; State v. Griffin, Mo.Sup., 339 S.W.2d 803, 806; State v. Payne, Mo.Sup., 342 S.W.2d 950, 955; State v. Wolfe, Mo.Sup., 343 S.W.2d 10, 12; State v. Williams, Mo.Sup., 343 S.W.2d 58, 61; State v. Chamineak, Mo.Sup., 343 S.W.2d 153, 163(20); State v. Colbert, Mo.Sup., 344 S.W.2d 115, 119; and State v. Adamson, Mo.Sup., 346 S.W.2d 85, 87. We must and do hold that the Act was procedural in nature and did not create a new crime, increase the punishment for the offense charged in the indictment, or otherwise come within the terms of an ex post facto law. The trial court properly proceeded under the new Act, and determined the punishment since this Court has held that the change was only procedural and that the new Act might properly be applied upon trial for an offense committed before its effective date. No constitutional rights of the defendant were violated.

Concerning appellant's complaint of the prosecutor's alleged "closing statement to the jury", it is sufficient to say that no such statement appears from the transcript presented on this appeal and no such complaint appears in defendant's motion for a new trial. The matter is not before us for review. State v. Hite, Mo.Sup., 298 S.W.2d 411, 413(4, 5).

Appellant further contends that the court erred to the prejudice of appellant by denying appellant's request, alleged to have been made by appellant on September 7, 1960, at the time his motion for a new trial was overruled and allocution granted

prior to sentence, that he (appellant) be allowed to prove that State's witnesses Harry Bass and Det. Sgt. James Reddick had "deliberately committed perjury." No such request appears in the transcript on appeal nor does the record show the filing of any such motion in support of such request. As stated, the record shows that at the close of the State's case defendant's counsel announced that "the defense has no witnesses" and the cause was submitted on the evidence presented by the State. The assignment is overruled.

■ Because of the apparent inadequacy of appellant's pro se brief we have examined the assignments of error stated in the motion for a new trial which are sufficiently specific to comply with Supreme Court Rule 27.20 V.A.M.R. State v. Mace, Mo.Sup., 295 S.W.2d 99; State v. Russell, Mo.Sup., 324 S.W.2d 727.

■ One assignment is directed to the action of the court in overruling an objection directed to the testimony and qualification of a witness for the State. It is contended that the court erred in permitting the Deputy Clerk of the Circuit Court for Criminal Causes, City of St. Louis, State of Missouri, to identify a particular book in his possession on the witness stand as Book No. 9 of Division 12 of said court containing the records and proceedings of said court as kept in the normal course of business. The reason assigned in support of the objection being that, "He's the Deputy Clerk, not the Clerk himself. He does not have control of these records." The objection was overruled and it appeared that page 115 of Book No. 9 showed the judgment of conviction and sentence of defendant on March 10, 1944, for robbery in the first degree by means of a dangerous and deadly weapon. Another record book, also identified, showed that the conviction was affirmed by the Supreme Court on February 21, 1945. See State v. Donnell, supra. The witness was qualified to identify the mentioned volumes and the evidence was admissible.

A further assignment of the motion for a new trial is that, "The court erred in allowing, over defendant's objection, the photograph of the defendant to be examined by the witness, Harry Bass, said photograph being obviously a Police Photograph thus apprising the jury of the fact of the defendant's criminal record, even though this criminal record was not in issue." The record shows that, after witness Bass had told of the police bringing pictures to him and asking him about the details of the robbery and finally bringing a picture, which he identified as a picture of defendant, the State asked that a photograph be marked State's Exhibit 1. Thereafter, out of the hearing of the jury, defendant's counsel said: "I object to this photograph. It's admission is highly prejudicial." No reasons were assigned and the objection overruled "at this time." Thereafter, the exhibit was presented to the witness and he said it was like the photograph that was brought out for him to look at shortly after the robbery. The picture was never offered in evidence. There is nothing in the record to support the allegation in the motion for a new trial that the photograph was obviously a police photograph apprising the jury of the fact of the defendant's criminal record. The allegation of the motion does not prove itself and there is nothing in the record indicating that the photograph was presented to the jury. No error appears from the record presented.

■ There is a further assignment in the motion for a new trial that the court erred in giving each and every instruction. This assignment is insufficient as it is too vague and indefinite to preserve anything for appellate review. State v. Jordan, Mo. Sup., 235 S.W.2d 379, 383.

■ The transcript of the record presented on this appeal further shows that subsequent to the time defendant's motion for a new trial was overruled on September 7, 1960, and subsequent to the imposition of sentence and judgment on September 7, 1960, and after an order had been entered

on the same date permitting defendant to prosecute his appeal as a poor person, the defendant, on September 21, 1960, caused a document entitled "Supplement to Motion for a New Trial" to be filed with the Clerk of the Circuit Court and, thereafter on October 6, 1960, caused a further document entitled "Motion for Arrest of Execution of Judgment" to be so filed. These documents filed subsequent to the entry of the judgment appealed from have no place or significance insofar as this appeal is concerned and are disregarded.

We have examined the record as required by Supreme Court Rule 28.02, and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.