Charles CUPP
v.
Harold R. SWENSON, Warden.

Michael Henry JAEGER
v.
Harold R. SWENSON, Warden, et al.

Michael A. JANSEN
v.
Harold R. SWENSON, Warden, et al.

Clarence Richard BOSLER
v.
Harold R. SWENSON, Warden, et al.

Frank HOWARD
v.
Harold R. SWENSON, Warden, et al.

Julian SWAIN
v.
Harold R. SWENSON, Warden, et al.

James D. WRAY
v.
Guard Lt. DENNICE et al.

Earl L. EMERY
v.
Harold R. SWENSON, Warden, et al.

Bobby Lee GRIFFIN
v.
Harold R. SWENSON, Warden.

Billy J. TYLER
v.
F. T. WILKINSON et al.

Patrick Lee MOONEY
v.
Harold R. SWENSON, Warden, et al.

Russell Eugene BRIDDLE
v.
Harold R. SWENSON, Warden.

Guy Fredric BROWN
v.
Fred T. WILKINSON et al.

John Thomas FERGUSON
v.
Harold R. SWENSON, Warden, et al.

Merle R. WINFORD
v.
WILKINSON et al.

Nos. 1120, 1139, 1151, 1163, 1182, 1198, 1203, 1215, 1223, 1243, 1248, 1250, 1273, 1275, 1292, 1333.

United States District Court
W. D. Missouri,
Central Division.
July 16, 1968.

**2**

Alex Bartlett, Jefferson City, Mo., for plaintiffs.

Norman A. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, District Judge.

The above entitled cases are all civil actions involving complaints by inmates at the Missouri State Penitentiary about treatment allegedly violating plaintiffs' federal constitutional rights by the administration and employees of the Department of Corrections. Some of the complaints seek damages, but most seek relief in equity or habeas corpus.

As these cases were filed, we stayed the proceedings in each until the Court had heard and decided several cases of a similar nature involving other inmates at the Missouri State Penitentiary.

Since the filing of all these cases the Department of Corrections for the State of Missouri has made some drastic and progressive changes in its rules and regulations affecting the administration and control of inmates. Many of these changes are in areas about which particular plaintiffs have alleged violations of their federally protected constitutional rights.

The new rules and regulations contain a Grievance Procedure under which any inmate at the Missouri State Penitentiary may present grievances to higher administrative officials for determination. The Inmate Informational Pamphlet, Rules and Procedures, September, 1967, MSP, states:

### INMATE GRIEVANCE PROCEDURES:

It is anticipated most problems, complaints or grievances will be resolved by personal or written contact with officials and offices outlined in the Procedural Guide to Assist Inmates.

If this is not the case, and in order to insure exhaustion of internal administrative procedures, the inmate making appeal shall appeal to his caseworker in writing by clearly showing offices and personnel contacted and answers received.

The caseworker will arrange to carefully stamp date of receipt of complaint and deal with the problem in writing or by interview as soon as possible.

If the caseworker is unable to resolve the problem he thinks need further attention, he shall refer it to proper higher official, Board or Committee for further consideration.

An appropriate written record shall be made in connection with each action taken by higher officials or Committees.

The Personnel Informational Pamphlet, Rules and Procedures, September, 1967, MSP, details how lower echelon personnel at the penitentiary are to handle grievances presented by inmates.

While we understand that plaintiffs have alleged the violation of federal

constitutional rights, we have decided to dismiss the complaints without prejudice in order that plaintiffs, if they so desire, may present their particular claims through the grievance procedure established by the Department of Corrections.

Apart from avoidance of the question presented by a failure of a particular plaintiff to afford defendants an opportunity to correct any alleged violation of a federally protected constitutional right, we believe there are equally valid reasons to require that all parties make use of the Grievance Procedures established by the new rules.

 It is clear that no court has jurisdictional power, inclination, time, or expertize to administer the normal disciplinary problems of the Missouri State Penitentiary. Such is clearly the ordinary business of the administration and employees of the Department of Corrections, subject only, so far as this Court is concerned, to the standards required by the Constitution of the United States. The only legitimate *forma pauperis* invocation of this Court's jurisdiction can be made pursuant to the exercise of its discretion under Section 1915, Title 28, United States Code, in a case in which an inmate alleges that a federally protected constitutional right has been or is presently being violated by an employee of the Department of Corrections acting under color of state law. If an inmate has not given those responsible for the administration of the institution an opportunity to correct an alleged violation by a subordinate employee, it is indeed difficult to see how those in charge of the institution can be said to have deprived the particular inmate of some right. Certainly this factor is one that should be taken into account in regard to the exercise of discretion vested by Section 1915.

Requiring exhaustion of available administrative Grievance Procedure before permitting the filing of a *forma pauperis* action in a federal court is clearly to the advantage of the inmates of the Penitentiary as well as the administrative officials. Inmates with valid complaints or grievances concerning lower echelon employees may obtain more rapid relief from higher administrative officials without going through the long process of court litigation. Both the administration and the inmate will have the benefit of a written and documented decision in the event future court action should prove to be necessary.

The interests of comity also require that this Court allow, if legally permissible, the higher officials of the Department of Corrections to be aware of and make decisions about administrative practices and procedures before litigation in this Court involving federally protected rights of inmates is processed to final judgment. It has been stated:

> Cases which get to the courts are frequently "bad" cases from a correctional point of view. They often challenge practices that, upon mature reflection, correctional authorities themselves would not condone; therefore, it becomes particularly important for administrators to examine and regularly evaluate what might be called "internal due process." No rational and well-meaning correctional administration wants to be confronted in court with flagrant violation of individual rights, physical abuse, or arbitrary and capricious conduct by correctional agents. [Kimball and Newman, "Judicial Intervention in Correctional Decisions," 14 Crime and Delinquency 9 (1968)].

Edwards v. Duncan, (4th Cir. 1966) 355 F.2d 993, supports at least an inference that when appropriate provisions for administrative review have been established by penitentiary administrations for claims of deprivations of rights, abstention by a court until final administrative determination has been made is justified. Certainly such a rule would permit the exercise of discretion under Section 1915.

This Court must initially accept the premise that the recently established Grievance Procedure of the Missouri Department of Corrections will allow a full and fair opportunity for individual inmates to present their grievances in an orderly manner. We shall accept that premise until we are shown otherwise.

For the above stated reasons, it is

ORDERED that the complaints in all the causes listed in the caption should be and are hereby dismissed without prejudice; it is further

ORDERED that plaintiffs may not refile a new or an amended complaint *in forma pauperis* until such time as they shall have first presented their complaint or grievance through the Grievance Procedures recently established by the Department of Corrections for the State of Missouri. It is further

ORDERED that any new or amended complaint presented for filing shall state with particularity the steps taken by the particular plaintiff to obtain an appropriate administrative review of his complaint or grievance. Such a statement shall be made at the beginning of any document tendered for filing in this Court, under a heading entitled "EXHAUSTION OF GRIEVANCE PROCEDURE REMEDY." It is further

ORDERED that any new or amended complaint that does not appropriately contain such a statement will not be permitted to be filed *in forma pauperis*. Any new or amended complaint filed by payment of the regular filing fee will again be dismissed without prejudice until such a statement is included as a part of said new or amended complaint. It is further

ORDERED that the Honorable Howard L. McFadden, the Assistant Attorney General of Missouri, who customarily represents the Missouri Department of Corrections in this Court, is requested to review each of the complaints covered by this Memorandum and Order and to thereafter confer with the defendants named therein in regard to how appropriate proceedings should be conducted in the event a particular plaintiff seeks a review of his complaint under the new Grievance Procedures recently established by the Missouri Department of Corrections.