**William J. CAGLE, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 17024–3.**

United States District Court
W. D. Missouri, W. D.

Sept. 3, 1968.

William J. Cagle, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri, seeks a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was charged in the United States District Court for the District of Columbia with "second degree murder"; that that court sentenced him to a term of "ten years to life"; that he appealed the judgment of conviction and imposition of sentence to the United States Court of Appeals for the District of Columbia Circuit which affirmed the trial court; that he has filed previous petitions for habeas corpus and motions under Section 2255, Ti-

tle 28, U.S.C., all of which have been denied; and that he was represented by counsel at his arraignment, plea, trial, sentencing, and on appeal.

The petitioner states that the grounds for the petition for a writ of federal habeas corpus are as follows:

"(a) petitioner was rushed from the table from eating by Officer Paris, on the 28, July, 1968. Same Officer have a dislike for an inmate for some reason and will try to agitate him to obtain some cause to put him in the punishment ward in the hole. (sic)

"(b) petitioner is being kept on the Southside in 10-D ward which is segregated from population. He was put over here in June, 1967, from an open ward, 3-Building. (sic)

"(c) they wanted to put him on Northside in a Close unit, 10-G-ward back in population, petitioner refused to go to the Northside. (sic)

"The inmate that he had trouble with on the ward was supposed to have been doing about (6) years under a Youth Act. As far as petitioner knows, the inmate has been transferred. Petitioner did not feel that he should be taken from an open ward to a Close ward on account of an inmate who is only doing about (6) years. Petitioner is serving a life sentence and he considers this as his home." (sic)

There is no claim in the petition herein of circumstances of cruel and unusual punishment requiring emergency relief.

■■ The proper method of presenting complaints about an inmate's place of confinement, his treatment, and the unlawful denial of an inmate's liberties and rights which he retains even though confined is to file a petition for writ of habeas corpus. Cf. Harris v. Harris (W. D.Mo., 1963), 222 F.Supp. 918; In re Baptista (W.D.Mo., 1962), 206 F.Supp. 288. Therefore, under the liberal view of the scope of federal habeas corpus which includes relief other than release from custody, petitioner's claim for relief is within the jurisdiction of this Court. In re Baptista, supra.

■ The petition herein is based on contentions which, liberally construed, do not assert that petitioner has been subjected to cruel and unusual punishment within the prohibition of the Eighth Amendment. The facts alleged to support these contentions fail to show existing punishment which would warrant the issuance of the writ of habeas corpus by this Court to review the action of the respondent in ward assignments or in disciplining petitioner. The allegations in this case do not disclose the rare and exceptional situation where a court will review the nature and condition of a prisoner's otherwise lawful confinement. Austin v. Harris (W.D.Mo., 1964) 226 F.Supp. 304; Harris v. Settle (C.A.8, 1963) 322 F.2d 908.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.