**Merle R. WINFORD, Petitioner,**

v.

**Fred T. WILKINSON, Director, Missouri Department of Corrections and Harold R. Swenson, Warden, Respondent.**

**No. 1333.**

United States District Court
W. D. Missouri, C. D.

Sept. 12, 1968.

Merle R. Winford, pro se.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner has tendered for filing *in forma pauperis* what he has labeled a "Petition for a writ of injunction and a petition for * * * a Damage Suit." That tendered pleading alleges various complaints about treatment at the Missouri State Penitentiary which are substantially identical to the allegations made earlier in the petition filed in Winford v. Wilkinson, et al., No. 1333 (W.D.Mo., 1968), 288 F.Supp. 1.

Petitioner's present complaint seeks in part to obtain his removal from the maximum security unit to the general prison population. That portion of petitioner's complaint must be treated as an attempt to invoke the habeas corpus jurisdiction of this Court. Petitioner does not allege that he has exhausted available state court remedies.

There are no Missouri cases which deal directly with the question of whether an inmate of a state prison under a valid commitment may invoke habeas corpus to obtain relief from allegedly improper confinement in a maximum security unit of the penitentiary. We must recognize, however, that the Missouri courts have traditionally given the scope of state habeas corpus jurisdiction a broad construction. See, for examples, State ex rel. Barker v. Wurdeman (1914) 254 Mo. 561, 163 S.W. 849; and State v. Gray (Mo.Sup.1966) 406 S.W.2d 580. The courts of other states (see Annotation: 155 A.L.R. 145 and Supplements) and the federal courts (see, for example, Harris v. Settle (8th Cir. 1963) 322 F.2d 908) have recognized that, under exceptional circumstances, an inmate of a correctional institution may test the legality of his confinement within a particular place inside the institution. See also Cagle v. Ciccone, W.D.Mo.1968, No. 17024–3, 289 F.Supp. 857. It is therefore not unlikely that the courts of Missouri would, in a proper case, exercise habeas corpus jurisdiction if invoked by inmates such as petitioner who allege improper confinement in the maximum security unit of the Missouri penitentiary.

Appropriate regard for state and federal relations requires that any doubt about the scope of state habeas corpus jurisdiction should be resolved in favor of state power until the state courts decide otherwise. Leave to proceed *in forma pauperis* in regard to that portion of petitioner's complaint that seeks to invoke federal habeas corpus jurisdiction must be denied because petitioner has not alleged that he has exhausted his apparent state court remedy of habeas corpus.

Petitioner also attempts to invoke federal jurisdiction under Section 1343 of Title 28, United States Code, and Sections 1983 and 1985 of Title 42, United States Code.

On page 10 of his new petition he alleged generally that "Petitioner has exhausted all Grievance Procedures that are available within the prison. * *" He also wrote above the caption of his petition the words "Exhaustion of Grievance Procedure Remedy."

The order of this Court of July 16, 1968 in petitioner's initial action (No. 1333) required that "any new or amended complaint presented for filing shall state with particularity the steps taken by the particular plaintiff to obtain an appropriate administrative review of his complaint or grievance." That order also stated that any new or amended complaints that did not contain such a statement "will not be permitted to be filed *in forma pauperis*." Petitioner's general allegation that he "has exhausted all Grievance Procedures" and the addition of a new label on his old com-

plaint does not comply with the requirements of our order of July 16, 1968. Petitioner's general allegation that he is "receiving prejudicial treatment from the Warden Harold R. Swenson and Director Fred T. Wilkinson" does not, as required by our order of July 16, 1968, set forth with particularity the steps taken to obtain an appropriate administrative review of his complaints or grievances by those defendants. It would seem obvious that the defendants named in this action can not properly be charged with having violated any of petitioner's federally protected rights when it is not alleged that such defendants were given an opportunity to act in accordance with the recently promulgated administrative code which was designed to afford inmates of the Missouri Penitentiary administrative relief in all appropriate cases.

This Court is not charged with responsibility for the internal management or administration of the Missouri penitentiary. That responsibility is placed by law on the Missouri Department of Corrections. The jurisdiction of this Court is regulated by specific Acts of the Congress. Claims of alleged violations of federally protected rights must be clearly stated before this Court is authorized to exercise its limited jurisdiction.

The allegations of the petitioner's new petition, liberally construed, do not state facts which, if true, would subject petitioner to cruel and unusual punishment within the prohibition of the Eighth Amendment. The allegations do not disclose the exceptional situation where a federal court will review the nature and condition of the prisoner's otherwise lawful confinement. Compare Cagle v. Ciccone, W.D.Mo.1968, No. 17024–3, 289 F.Supp. 857.

For the reasons stated, it is

Ordered that leave to proceed *in forma pauperis* should be and is hereby denied. It is further

Ordered that the petition tendered for filing should be lodged, but not filed, in Case No. 1333.