Alan Daniel **WILWORDING**, Petitioner,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 17547–3.

United States District Court, W. D. Missouri, W. D.

Oct. 6, 1969.

---

See also D.C., 326 F.Supp. 1145, affirmed 446 F.2d 553.

**1190**

Alan Daniel Wilwording, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

JUDGMENT DENYING PETITION FOR HABEAS CORPUS IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions for a writ of federal habeas corpus to adjudicate the invalidity of his state conviction for first degree robbery and to grant him relief from certain conditions of confinement which he alleges currently to be suffering. Leave to proceed in forma pauperis was previously granted in the show cause order of August 11, 1969.

Petitioner states that after his plea of not guilty, he was convicted by a jury in the Circuit Court of Greene County of the offense of first degree robbery; that he was sentenced on that conviction to a term of twenty years' imprisonment; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court, which court affirmed the conviction and sentence (State v. Wilwording, Mo., 394 S.W.2d 383); that he filed a motion under Missouri Criminal Rule 27.26 in the state sentencing court, which was overruled on March 11, 1966; that he appealed this overruling to the Missouri Supreme Court, but "withdrew" the appeal on October 27, 1966, in order to file a new Rule 27.26 motion; that thereafter petitioner filed a second Rule 27.26 motion in the state sentencing court, which was overruled on March 18, 1968; that his appeal from that overruling was upheld by the Missouri Supreme Court on March 10, 1969 (Wilwording v. State, Mo., 438 S.W.2d 447); that he was represented by counsel at his arraignment and plea, his trial, his sentencing and appeal and that he was aided by a fellow prisoner in the preparation and submission of this petition.

Petitioner states the following as grounds for his contention that he is being illegally held:

"(a) Petitioner's imprisonment in the Missouri State Penitentiary is illegal an (sic) founded upon clearly erroneous state court rulings, in contravention with the guarantees embodied in the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, as hereinafter shown in supporting facts.

"(b) Petitioner's imprisonment in the Missouri State Penitentiary, under his present prevailing conditions of confinement by the respondent, has breached the commitment of judgment and imposed greater punishment than the law and constitution permits, and all because of the unwarranted, unjustified orders confining the petitioner in maximum security, causing loss of privileges and the right of earning extra merited good time, without substantial proof and possibly based on the *uncredible* (sic) word of another convict without legal collaboration." (Emphasis petitioner's.)

Petitioner states the following as facts which support his contention that his conviction was secured in violation of his federally protected rights:

"1.    The information is fatally defective and the findings of the court on prior imprisonment is (sic) in error so as to deny movant due process of law in violation of Art. I, Section 10 of the Missouri Constitution, V.A.M.S., and the Fourteenth Amendment of the United States Constitution.

"2.    The provisions of Section 556.280, Revised Statutes of Missouri, V. A.M.S. is (sic) discriminatory so as to deny movant due process of law and equal protection of the law in violation of Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

"3.    Petitioner was denied the full ammount (sic) of peremptory challenges of jurors in his original trial so as to deny him due process of law in violation of the Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

"4.    Petitioner contends that Section 556.280, Revised Statutes of Missouri, is so vague and indefinite that he was denied due process of the law in violation of the Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

"5..    The petitioner was compelled to appear before the jury in improper attire when he was not permitted to have access to his clean, neat clothes on the morning of the trial, which clothes were provided by his family specifically for his attirement before the public tribunal prior to the morning of trial, and he was forced by the sheriff's department to dress in old soiled clothes which were provided by the jail for inmates to work in, to appear in such array of discredited wearing apparell (sic) solely for the purpose of discrediting his character and depriving him of due process of law in violation of the Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

"6.    The petitioner was denied the effective assistance of counsel during critical stages of the proceedings in his state court trial and appeals, in violation of the Article I, Section 10 of the Missouri Constitution and the Sixth and Fourteenth Amendments of the United States Constitution."

Since petitioner otherwise alleged that he had exhausted his currently available

state remedies under Missouri Criminal Rule 27.26, the show cause order of this Court was issued on August 11, 1969. Respondent's response thereto was filed on August 28, 1969. Therein respondent admitted that petitioner had exhausted state remedies in respect to his contentions regarding the validity of his conviction, but denied that petitioner had exhausted his currently available state remedies with regard to his contentions respecting conditions of confinement. Respondent further contended that the Missouri Supreme Court had reliably found the facts at issue on petitioner's Rule 27.26 motion after a hearing and in applying current federal standards. Petitioner, in his traverse filed September 10, 1969, challenges neither the accuracy of the transcripts and records of the state proceedings nor the reliability of the factual findings by the state courts on his Rule 27.26 motion, but contends that such transcripts, records and findings show that he is entitled to relief as a matter of law.

■ The record conclusively shows that petitioner has exhausted his currently available state remedies with regard to his contentions of the invalidity of his conviction. The precise contentions which are presented in this case were ruled adversely to him by the Missouri Supreme Court after a hearing was held in the state trial court in accordance with the newer version of Rule 27.26 (effective September 1, 1967) on a date following the enunciation of applicable federal standards by the United States Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Sanders v. United States, 372 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, and the recognition of the applicability of those standards by the Missouri Supreme Court in State v. Pickel, Mo., 376 S.W.2d 181, and State v. Herron, Mo., 376 S.W.2d 192.

■ Because of the complete, unchallenged transcripts and the records of the state courts, this Court is not obliged to have a plenary evidentiary hearing on the issues raised in this petition. A hearing "is not required when the habeas court has before it full and uncontested records of the state proceedings which furnish all of the data necessary for a satisfactory determination of the factual issues." United States ex rel. McGrath v. LaVallee (C.A.2) 319 F. 2d 308, 312. Similarly, published decisions of this Court hold that when a plenary evidentiary hearing has been held in the state trial court and that court applied current federal standards and reliably found the facts and such findings are specifically made, the federal district court may defer to the state court's findings of fact. Noble v. Swenson (W.D.Mo.) 285 F.Supp. 385; Goodwin v. Swenson (W.D.Mo.) 287 F.Supp. 166.

■■ Viewed in the light of current federal standards, petitioner's first contention, that the information under which he was tried was "fatally defective" for not correctly listing the place at which he had been confined under a previous sentence, is not meritorious. The Missouri Supreme Court found that the error was inconsequential. The files and records herein show, and the Missouri Supreme Court found, that the information stated that petitioner had been confined in the Intermediate Reformatory when petitioner in reality had been confined in the State Penitentiary. But for the Second Offender Act to apply, it is only necessary that the petitioner be sentenced and subsequently "placed on probation, paroled, fined or imprisoned therefor." Section 556.280, RSMo, V.A.M.S. Further, confinement in the Intermediate Reformatory is tantamount to confinement in the State Penitentiary insofar as it constitutes "imprisonment" within the contemplation of the Second Offender Act. No federally protected right was violated by this inconsequential error. Petitioner states that this error violated his Sixth Amendment right to be informed of the nature and cause of the charge against him. He was given reasonable notice by

this information of the prior offense which it alleged. Nothing more is required by federal standards.

Second, petitioner contends that Section 556.280 is unconstitutional and deprives him of his right to due process and equal protection of the laws in that the state's prosecutor enjoys a discretion to prosecute a given second offender under it or not to prosecute. The constitutionality of the statute, however, is well established. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. See also State v. Wolfe, Mo., 343 S.W.2d 10, cert. den. 366 U.S. 953, 81 S.Ct. 1912, 6 L.Ed.2d 1246; State v. Donnell, Mo., 351 S.W.2d 775, cert. den. 374 U.S. 811, 83 S.Ct. 1703, 10 L.Ed.2d 1035. This contention was therefore properly denied by the Missouri Supreme Court.

Petitioner's next contention is that he was denied the number of peremptory challenges to which he was entitled. On the Rule 27.26 appeal, the Missouri Supreme Court declined to consider this contention inasmuch as the point "concerns only an alleged trial error which may not be urged under the present request for post-conviction relief under Rule 27.26." 438 S.W.2d at 449. The contention, however, was fully considered by the Missouri Supreme Court on direct appeal at 394 S.W.2d 387, which appeal is deferred to by the Missouri Supreme Court in the 27.26 appeal on this question. The direct appeal was decided by the Missouri Supreme Court after the trilogy had been handed down and after the *Pickel* and *Herron* cases, *supra*, had been decided. Therefore, state remedies with regard to this question have been exhausted. The contention, however, is not meritorious. The record shows, and the Missouri Supreme Court found, that a panel of 24 prospective jurors was called instead of 30, and that the petitioner was therefore allowed 8 peremptory challenges instead of 12. This was done in accordance with a governing Missouri statute which allows the reduction in the panel and in peremptory challenges when the state waives the death penalty, as it did in this case.

Section 546.180, RSMo, 1959, V.A.M.S. In his traverse in this case, petitioner says that since the "habitual criminal act" was being applied, the court should decide the penalty and not the jury. That contention, however, is immaterial to the issue raised by any challenge to Section 546.180, which justifies the reduction in the size of a jury panel where the extreme punishment does not figure to be imposed. No federally protected right was violated in this respect.

Fourth, petitioner challenges Section 556.280 on the grounds that the phrase "submission to the jury" is vague and ambiguous and prejudiced him at his trial in that evidence of his prior conviction was offered to the Court in the absence of the jury but after the trial before the jury had begun. The Missouri Supreme Court denied the contention, stating that "submission" of a case under Section 556.280 means "as we now hold, that time when a case is turned over to the jury for its decision under the instructions of the court." 394 S.W.2d at 387. This is consistent with the defined purpose of the requirement of the statute to keep the information of prior convictions from the jury and to have the trial court hold a hearing and make a finding of the applicability of the statute prior to the time when the jury is instructed. State v. Morton, Mo., 338 S.W.2d 858; State v. Griffin, Mo., 339 S.W.2d 803, cert. den. 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849; State v. Donnell, Mo., 351 S.W.2d 775, cert. den. 374 U.S. 811, 83 S.Ct. 1703, 10 L.Ed.2d 1035. The record shows no denial of a federally protected right of petitioner. The contention of the petitioner is therefore without merit and should be denied.

Petitioner's fifth contention is that he was forced to appear before the jury in soiled, dirty clothes and that this resulted in prejudice to him by "degrading his character" in the eyes of the jury. The unchallenged record shows that petitioner was first brought before the court in his jail clothes and that the Court ordered him taken back to jail to

have more becoming attire given to him. The state courts reliably found that there was no intention to prejudice the defendant and that defendant was in fact not prejudiced by this brief appearance before the jury. There has been no violation of a federally protected right in this regard and the contention should therefore be denied.

■ Petitioner's final contention with respect to the validity of his conviction is that he was denied the effective assistance of counsel. Petitioner bases this conclusion on three allegations: that counsel did not object when the jury panel saw petitioner clothed in soiled and dirty clothing; that counsel failed to file a notice of appeal; and that counsel did not argue his case on appeal after his appointment on appeal. The records shows, and the state trial court and the Missouri Supreme Court reliably found, that the failure to object to petitioner's appearance in such attire was not prejudicial in view of the ruling that such appearance did not prejudice petitioner in the eyes of the jury, and in view of the fact that an objection might have called undue attention to the attire and that otherwise the jury may have been stirred to some sympathy for the petitioner by the appearance. Further, counsel withdrew from petitioner's case immediately after the trial and resumed his representation of petitioner only when he was appointed to so represent him on appeal. Then, counsel filed a brief on appeal and inquired of the Missouri Supreme Court whether he should appear to argue the case. He was told by the Missouri Supreme Court that argument was preferred, but that it was optional with counsel. No violation of any federally protected right is stated by these facts. While the United States Supreme Court makes reference to oral argument on appeal in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811, it does not state that oral ar-

gument is a constitutional necessity in all circumstances. There is no showing that this case presented exceptional circumstances in which oral argument was essential. The opinion of the Missouri Supreme Court shows a full understanding of petitioner's contentions on direct appeal. This contention should therefore be denied.

■ Petitioner has available and adequate state remedies with respect to the contention that the conditions of his confinement violate his federally protected rights. Petitioner does not state that he has exhausted such remedies, but only states that it is "illogical" that questions of the violation of federally protected rights should first have to be presented to the state courts. However, in the absence of exceptional circumstances, not stated to be present in this case, habeas corpus relief is available in this Court for state prisoners only when the petitioner has exhausted his currently available state remedies. See Winford v. Wilkinson (W.D.Mo.) 288 F.Supp. 916. Petitioner should therefore first apply for habeas corpus in the Circuit Court of the county wherein he is held. If there is an adverse determination of such application, plaintiff should seek habeas corpus relief in the Missouri Supreme Court and be declined relief there before seeking a writ of federal habeas corpus in this Court. Section 532.010 et seq., RSMo, V.A.M.S.; Rule 91.59, Mo. R.Civ.P.

For the foregoing reasons, it is

Ordered and adjudged that the petition herein for habeas corpus be, and it is hereby, denied with prejudice as it pertains to the validity of petitioner's conviction. It is further

Ordered and adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice insofar as it relates to his conditions of confinement.